IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN WHITE,** | : | CIVIL ACTION NO. 1:23-CV-1336 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **LAUREL HARRY,** *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Stephen White, alleges that defendants violated his civil rights and were negligent by allowing him to walk on an icy sidewalk on which he slipped and fell. Defendants have moved to dismiss. The motion will be granted.

**I.    Factual Background & Procedural History**

White filed this case on January 21, 2023, in the Cumberland County Court of Common Pleas, asserting violations of state law. (Doc. 1-1). White amended his complaint on July 20, 2023 to include a claim for violation of the Eighth Amendment to the United States Constitution. (Doc. 1-4). According to the amended complaint, White was an inmate in Camp Hill State Correctional Institution ("SCI-Camp Hill") and was employed in the prison's kitchen on January 31, 2021. (Id. at 4). On that date, White finished his shift in the kitchen at 6:10 p.m. (Id.) After leaving the kitchen, White walked approximately 6-8 feet before allegedly slipping and falling on an icy and snowy sidewalk. (Id.) White purportedly suffered injuries to his back, shoulder, elbow, and neck. (Id.) The amended complaint avers that the sidewalk

had not been treated with rock salt or any other substance to prevent the accumulation of ice and snow prior to White's fall. (Id. at 4, 6).

The amended complaint alleges that several defendants employed by SCI-Camp Hill were deliberately indifferent in violation of the Eighth Amendment and the Pennsylvania Constitution and committed negligence under Pennsylvania law by failing to maintain the sidewalk or allowing White to walk on the sidewalk, including Laurel Harry, the prison's superintendent; Philip Jedrzejek, the food service manager; and Bill Goodwin, Matt Klopoteck, and Anthony Maxwell, who were all employed as facility maintenance managers. (Id. at 5-10). The amended complaint further alleges that Harry and SCI-Camp Hill's healthcare administrator, Beth Herb, were deliberately indifferent to a serious medical need by failing to ensure that White was seen by a doctor after the fall. (Id. at 7, 10). Defendants filed a motion to dismiss on August 18, 2023. (Doc. 3). Defendants seek dismissal of White's federal claims and request that the court decline to exercise jurisdiction over the state law claims after dismissing the federal claims. (Docs. 3-4). Briefing on the motion is complete and it is ripe for review. (Docs. 4, 17).

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County

of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

3

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   Discussion

White brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Claims of deliberate indifference require a plaintiff to allege (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that risk; and (3) the defendant's deliberate indifference caused the plaintiff harm. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), *abrogated in nonrelevant part as recognized by* Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020). The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Beers-Capitol v.

4

Wetzel, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

White's amended complaint fails to state a deliberate indifference claim upon which relief may be granted with respect to the claim that he slipped and fell on an icy sidewalk.  Failure to clear snow and ice from a sidewalk does not amount to deliberate indifference.  See, e.g., Davis v. Superintendent Somerset SCI, 597 F. App'x 42, 46 (3d Cir. 2015) (nonprecedential)[1] (concluding that allegations that defendants failed to clear ice from a sidewalk "assert a simple negligence claim at most, and thus do not state a claim of a constitutional violation under the Eighth Amendment"); Clayton v. Morgan, 501 F. App'x 174, 176 (3d Cir. 2012) (nonprecedential) ("[The] assertion that [defendant] opened the prison yard after being warned that dangerous icy conditions might lead to injury . . . does not present a federal cause of action, regardless of how artfully pled it may be").

The amended complaint also fails to state a deliberate indifference claim regarding White's medical care.  To state such a claim, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

5

serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

White's bare assertion that he suffered "pain and injuries to his back, shoulder, elbow and neck" when he fell on the ice is not sufficient to allege a serious medical need.  It is not clear from the amended complaint that White's injuries are anything more than superficial bruising, which would not constitute a serious medical need.  See, e.g., Coit v. Luther, No. 1:19-cv-2036, 2021 WL 5792697, at *13 (M.D. Pa. Dec. 7, 2021) (finding that plaintiff's "superficial scratches . . . do not rise to the level of a serious medical need protected by the Eighth Amendment"); Wyatt v. Malisko, No. 16-cv-1438, 2020 WL 3001936, at *11 (M.D. Pa. Mar. 19, 2020) ("[T]he minor, superficial wrist injuries underlying this claim do not rise to the level of a serious medical need protected by the Eighth Amendment."), report and recommendation adopted, No. 3:16-cv-1438, 2020 WL 2992088, at *4 (M.D. Pa. June 4, 2020); Brown v. Rodarmel, No. at *11 (M.D. Pa. Mar. 27, 2013) (concluding that plaintiff's "head, shoulder and back pain" that appeared to be nothing more than "temporary discomfort" was not a serious medical need).  Moreover, even if White had alleged a serious medical need, he has not alleged that the delay in receiving medical care caused his injuries to worsen or injured him in any way.  Hence, he has failed to state a deliberate indifference claim upon which relief may be granted.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the

6

amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We find that amendment would be futile with respect to White's claim that defendants were deliberately indifferent in allowing him to walk on an icy sidewalk because that claim fails as a matter of law.  We will grant leave to amend with respect to White's claim of deliberate indifference to a serious medical need, however, because that claim is factually, rather than legally, deficient.

We will deny defendants' request to decline jurisdiction over the state law claims without prejudice pending the possible filing of a second amended complaint.  See 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise jurisdiction" over a state law claim over which it is exercising supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").  We will determine whether to continue exercising jurisdiction over the remaining state law claims if plaintiff fails to file a second amended complaint or files a second amended complaint that again fails to state a federal claim upon which relief may be granted.

**IV.     Conclusion**

We will grant defendants' motion to dismiss, dismiss White's deliberate indifference claims, and grant White leave to file a second amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 18, 2024