IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WHITE, | : CIVIL ACTION NO. 1:23-CV-1336 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| LAUREL HARRY, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Stephen White, alleges that defendants violated his civil rights by failing to provide him medical care after he fell on an icy sidewalk. The case is proceeding on White's second amended complaint. Defendants have moved to dismiss. The motion will be granted, White's federal claims will be dismissed without further leave to amend, and his state law claims will be remanded to state court.

**I.      Factual Background & Procedural History**

White was housed in Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times. He filed this case on January 21, 2023, in the Cumberland County Court of Common Pleas, asserting violations of state law. (Doc. 1-1). White amended his complaint on July 20, 2023, to include a claim for violation of the Eighth Amendment to the United States Constitution. (Doc. 1-4). The amended complaint alleged generally that White slipped and fell on an icy sidewalk on January 31, 2021, and suffered physical injuries. (Id.) It asserted Eighth Amendment deliberate indifference claims for defendants' alleged failure to

clear the sidewalk and failure to provide medical care following the fall. (Id.) The named defendants were SCI-Camp Hill's superintendent at the relevant time, Laurel Harry;[1] a food services manager in the prison, Philip Jedrzejek; three facility maintenance managers in the prison, Bill Goodwin, Matt Klopoteck, and Anthony Maxwell; and a healthcare administrator, Beth Herb. (Id. at 1).

Defendants removed the case to this district on August 11, 2023, and moved to dismiss the amended complaint on August 18, 2023. (Docs. 1, 3). Defendants argued that White's federal claims should be dismissed for failure to state a claim upon which relief may be granted and that the court should decline to exercise jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367.

The court granted the motion to dismiss on January 18, 2024. (Docs. 18-19). The court found that the amended complaint failed to state an Eighth Amendment deliberate indifference claim arising out of allegations that defendants failed to clear the sidewalk because failing to clear an icy sidewalk did not amount to deliberate indifference. (Doc. 18 at 5). The court also found that the amended complaint failed to state a claim for deliberate indifference arising from the purported lack of medical care because White failed to allege that he had a serious medical need or that defendants' purported lack of care caused him any harm. (Id. at 5-6). The court granted White leave to amend his claim alleging deliberate

---

[1] The court takes judicial notice that Laurel Harry now serves as the secretary of the Pennsylvania Department of Corrections ("DOC"). She is sued in the instant case based on actions allegedly taken while serving as the superintendent of SCI-Camp Hill.

indifference to a serious medical need and denied without prejudice defendants' request for the court to decline jurisdiction over White's state law claims, noting that a decision as to whether to exercise jurisdiction would be deferred pending the filing of a second amended complaint. (Id. at 7).

After the court granted an extension of time, White timely filed a second amended complaint on April 26, 2024. (Doc. 23). According to the second amended complaint, White slipped and fell on an icy sidewalk in SCI-Camp Hill on January 31, 2021. (Id. ¶ 8). The second amended complaint alleges that defendants Harry and Herb were deliberately indifferent to White's serious medical needs following the fall.[2] (See id. ¶¶ 17-22). It is alleged that Harry and Herb authored several policies that were violated by medical professionals when they provided inadequate medical care to White. (See id.) The second amended complaint asserts that after White sustained his injuries on January 31, 2021, he was provided medical care the following day. (Id. ¶ 23). Following that appointment, White was scheduled for several follow-up appointments that were repeatedly canceled. (Id. ¶ 24-25). He did not attend a follow-up appointment until May 14, 2021, and was allegedly forced to "self-rehab" in the interim. (Id. ¶ 25). The long delay before the follow-up appointment purportedly violated a DOC policy requiring medical staff to provide follow-up care within 60 days. (Id. ¶¶ 25-26). The second amended complaint avers

---

[2] The second amended complaint does not name Jedrzejek, Goodwin, Klopoteck, or Maxwell as defendants.

that Harry and Herb "had the duty and responsibility as supervisors" to ensure that White received medical care. (Id. ¶ 32).

On the same day he filed his second amended complaint, White appealed the court's dismissal of his first amended complaint to our court of appeals. (Doc. 24). The court dismissed the appeal for lack of subject matter jurisdiction on October 2, 2024, noting that this court had not yet issued a final appealable decision. (Doc. 31).

Defendants moved to dismiss the second amended complaint for failure to state a claim upon which relief may be granted on May 10, 2024. (Doc. 26). Defendants argue that White's deliberate indifference claim should be dismissed because he has failed to allege a serious medical need, because the allegations in his complaint show that he received medical care for any injuries he suffered in his fall, and because he has not alleged Harry and Herb's personal involvement in the alleged civil rights violations. (Doc. 27).

White opposed the motion to dismiss on June 21, 2024. (Doc. 29). His response to the motion to dismiss includes additional factual details not included in his second amended complaint. (Id.) According to White's brief, he experienced "extreme pain" in his back, neck, shoulder, and elbow following his fall on January 31, 2021. (Id. ¶ 7). He was seen for a medical appointment with a physician's assistant the following day. (Id. ¶ 8). White told the physician's assistant about his pain and that he was experiencing limited movement in the affected areas of his body. (Id. ¶ 9). The physician's assistant allegedly gave him pain medication and scheduled him for a follow-up appointment on February 26, 2021. (Id. ¶ 10). The follow-up appointment was canceled several times, and White was allegedly not

4

seen by a doctor until July 2021. (Id. ¶¶ 11-14). According to his brief, he continues to experience pain and limited movement in his right shoulder as a result of the fall. (Id. ¶ 15). White asserts that Harry and Herb were notified of White's fall on January 31, 2021, and that they were also informed of his difficulties in receiving medical care when he filed a grievance and related appeals. (Id. ¶ 16).

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts

a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   Discussion

White brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

White's second amended complaint alleges deliberate indifference to a serious medical need. To state such a claim, a plaintiff must allege "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff." Durham v. Kelley, 82 F.4th 217, 229 (3d. Cir. 2023). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). To plead deliberate indifference, a plaintiff must allege both that the plaintiff's medical need was objectively serious, and that the defendant was subjectively deliberately indifferent to that need. Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

Having reviewed the second amended complaint and the additional factual allegations contained in White's brief opposing the motion to dismiss,[3] the court will dismiss the complaint for failure to allege defendants' personal involvement. The only facts White has alleged to show that they were personally involved was that they were informed of his fall on January 31, 2021, and that Harry subsequently responded to a grievance appeal regarding White's medical care. (Doc. 29 ¶ 16).

White's allegation that defendants were informed of his fall on January 31, 2021, is plainly insufficient to show that they were personally involved in purportedly deficient medical care that occurred after that date. As for Harry's response to his grievance, Harry states in the response:

> I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Officer's response. In your appeal, you claim you suffered injuries when you fell leaving your job in Kitchen 2 on January 2, 2021 [sic]. You allege the reason you did not inquire about seeing a doctor on April 1, 2021 was due to having an appointment in mid April. You further claim you did ask to see a doctor at your appointment on May 5, 2021 as you indicate you were scheduled to do so on May 14, 2021 however, you state that you were not called. You indicate that you are being forced to "self rehab and cautiously monitor my work and daily activities." In relief you request $50,000 and a transfer from SCI Camp Hill.
> I find the Grievance Officer properly investigated your grievance concerns and provided an appropriate response. Records

---

[3] A plaintiff may not amend his complaint through a brief in opposition to a motion to dismiss. Commw. of Pa. *ex rel.* Zimmerman PepsiCo, Inc., 836 F.3d 173, 181 (3d Cir. 1988). But the court has considered the additional factual allegations included in plaintiff's brief in the interest of judicial economy. If the court dismissed plaintiff's second amended complaint without considering these factual allegations, it would likely be compelled to grant plaintiff leave to amend to include the additional allegations in a third amended complaint. Rather than taking this additional step and expending the resources of the court and defendants to review a third amended complaint, the court has considered the additional allegations in the instant opinion.

> indicate you were seen by providers on multiple days consecutively from February 1, 2021 through February 3, 2021. You were advised to remain off of work for 48 hours after your initial injury, however there was no medical lay in ordered after that time, nor are there any other restrictions listed for you. Your medication refills were refilled upon request. I will grant that you were scheduled to be seen by the doctor on May 14, 2021 and that for an unknown reason that visit did not occur. Wellpath has scheduled you to be seen on June 21, 2021. Please address any concerns you have with the doctor at that time.
>
> Therefore, I uphold the initial response, and your appeal and any requested relief is denied.

(Doc. 23-1 at 2).

This grievance response is not sufficient to show that Harry was personally involved in the alleged failure to provide medical care to White. There is no basis to infer from the response that Harry was personally directing medical professionals to refuse to treat White or that she acquiesced to such actions. To the contrary, it appears from Harry's response that she believed medical professionals were treating White appropriately and that they were quickly going to rectify any harm to White caused by the cancellation of his May 14, 2021, appointment. Similarly, there is no basis to infer from the response or her purported knowledge of White's fall on January 31, 2021, that Herb was personally involved in the alleged denial of medical care. Nor can personal involvement be adequately pleaded based on the allegations that Harry and Herb authored several policies that were relevant to White's medical care. (See Doc. 23 ¶¶ 17-22). As defendants correctly note, (see Doc. 27 at 6 & n.1), White does not allege that these policies caused him harm, but rather that medical professionals failed to follow the policies. Defendants cannot be held liable for medical professionals' alleged failure to follow relevant policies when

9

there is no allegation that the defendants personally directed them not to follow the policies or otherwise acquiesced in that action.

Moreover, even assuming that White's alleged pain and movement difficulties in his back, neck, shoulder, and elbow are sufficient to allege a serious medical need, White has failed to allege that defendants Harry and Herb were deliberately indifferent to that medical need. In her response to White's grievance appeal, Harry noted that White had been ordered to remain off work for 48 hours after his initial injury, that no other restrictions on his activities were ordered, that he had been seen for several medical appointments, and that he had been given pain medication. (Doc. 23-1 at 2). These statements do not indicate that Harry was deliberately indifferent to White's medical need: they appear to indicate Harry's subjective belief that White was receiving ongoing and adequate medical care for his injuries. Because this grievance response is the only factual basis White has alleged to establish Harry and Herb's knowledge of his allegedly deficient medical care, he has failed to allege deliberate indifference.

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We find that further amendment of White's federal claims would be futile. He has had multiple opportunities to state a civil rights claim upon which relief may be granted and has failed to do so.

Finally, having determined that White's federal claims will be dismissed without further leave to amend, we will consider the issue we previously deferred as to whether to decline to exercise jurisdiction over White's remaining state law

claims. See 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise jurisdiction" over a state law claim over which it is exercising supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). "In the ordinary course, 'where the claims over which the district court has original jurisdiction are dismissed before trial, the district court *must* decline to decide the pendent state claims.' But it need not do so where considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" North Sound Capital LLC v. Merck & Co., Inc., 938 F.3d 482, 494 (3d Cir. 2019) (emphasis in original) (quoting Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)). In this case, there does not appear to be any interest of judicial economy, convenience, or fairness that would provide an affirmative justification to deviate from the ordinary course of declining jurisdiction over White's state law claims. We will accordingly remand the remaining state law claims to the Cumberland County Court of Common Pleas.

## IV. Conclusion

We will grant defendants' motion to dismiss, dismiss White's federal claims without further leave to amend, and remand White's state law claims to the Cumberland County Court of Common Pleas. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: December 4, 2024

11